In re The **BLANTON SMITH CORPORATION, d/b/a Greenbrier Egg Farms, Greenbrier Feed Mill, and the Blanton Smith Hatcheries, and Grubbs Farms, Inc., Debtors.**

**Bankruptcy Nos. 380–01019, 380–01020.**

United States Bankruptcy Court,
M.D. Tennessee.

Jan. 17, 1985.

Thomas E. Ray, Chattanooga, Tenn., Trustee.

---

Richard C. Kennedy, Kyle R. Weems, Chattanooga, Tenn., for trustee.

M. Taylor Harris, Nashville, Tenn., for Nashville City Bank.

Paul E. Jennings, Nashville, Tenn., for Grubbs Farms.

William Lamar Newport, Nashville, Tenn., for Al Phillips Ins. Agency.

Charles H. Beaty, L. Wearen Hughes, Nashville, Tenn., for Springfield Production Credit Ass'n.

Robert P. Zeigler, Kevin R. Jones, Nashville, Tenn., for Blanton Smith.

C. Kinian Cosner, Jr., Nashville, Tenn., for Unsecured Creditors Committee.

## ORDER

GEORGE C. PAINE, II, Bankruptcy Judge.

■ This matter is before the court on motions filed by Al Phillips Insurance Agency, Inc., members of the Grubbs family, and Nashville City Bank (hereinafter referred to as the "movants") to alter or amend this court's judgment entered October 24, 1984. The movants allege that the court failed to recognize their secured status when it held that the Chapter 7 trustee was not bound by provisions of a preceding Chapter 11 plan according first priority to administrative expense claimants of the Chapter 11 estate. The movants argue that the cases relied upon by this court allowed first priority to Chapter 7 administrative expenses under 11 U.S.C. § 726(b) (West 1979) only when the administrative expenses of the preceding Chapter 11 case were unsecured. The movants further urge this court to alter its judgment claiming that the estate has sufficient proceeds to pay both the movants' claims and the administrative expenses of the Chapter 7 estate. Upon consideration of statement of counsel and applicable authority, the court finds no reason to alter or amend its previous order and hereby DENIES the movants' motion to alter or amend.

■ The court is convinced that the parties could not, in a Chapter 11 plan, agree to grant super-priority to Chapter 11 administrative expenses unless they entered into a 11 U.S.C. § 364 (West 1979) financing order. The movants argue that both *In re Flagstaff Foodservice Corporation*, 739 F.2d 73, BANKR.L.REP. (CCH) § 69,938 (2nd Cir.1984) and *In re Universal Table Top Co., Inc.*, 10 B.R. 706 (Bankr.E.D.N.Y. 1981) support their contention that Chapter 11 administrative claimants may be granted priority over subsequent Chapter 7 administrative expenses. Upon review of these cases, the court finds that they both dealt with § 364 financing orders in which priority was accorded creditors for advancing future funds. In its earlier decision, the court was not presented with a situation in which the debtor-in-possession entered into a § 364 financing order in return for future advances of funds.[1] Accordingly, the authority cited by the movant does not support alteration of the court's earlier order.

Finally, the movants' argument that sufficient funds exist to pay both the administrative claimants of the preceding Chapter 11 estate and the administrative claimants of the existing Chapter 7 estate do not support alteration of this court's previous judgment. On the contrary, the court notes that pursuant to 11 U.S.C. § 726(b) (West 1979) and 11 U.S.C. § 507(a)(1) (West 1979) the administrative claimants of the preceding Chapter 11 estate are entitled to payment after payment of the Chapter 7 administrative expenses. Thus, if sufficient funds exist, this court's previous decision will not preclude the Chapter 11 administrative claimants from receiving payment.

Accordingly, the court hereby ORDERS, ADJUDGES, and DECREES that the movants' motion to alter or amend this court's

---

**1.** This order does not address Nashville City Bank's motion to dispose of the issue reserved by the court in footnote 5 of its earlier decision.

judgment entered on October 24, 1984, is hereby DENIED.

IT IS, THEREFORE, SO ORDERED.